2022 IL App (1st) 191110-U
No. 1-19-1110
May 16, 2022

FIRST DIVISION

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, ) | Appeal from the Circuit Court |
| ) | of Cook County, Illinois. |
| Plaintiff-Appellee, ) | |
| ) | No. 17 CR 9901 |
| v. ) | |
| ) | Honorable |
| ROMELLO TOWNSEND ) | James B. Linn, |
| ) | Judge Presiding. |
| ) | |
| Defendant-Appellant. ) | |

JUSTICE WALKER delivered the judgment of the court.
Justice Coghlan concurred in the judgment. Justice Pucinski specially concurred.

**Order**

*Held*: The in-court identification of the defendant as the offender, together with an expert's identification of the defendant's fingerprint on an object taken from the victim, sufficed to prove the defendant guilty of aggravated battery and attempted armed robbery. Testimony that another expert verified the testifying expert's fingerprint identification did not amount to plain error where the record did not show that the judge relied on the hearsay.

¶ 1       Following a bench trial, the trial court found Romello Townsend guilty of aggravated battery and attempted armed robbery. Townsend contends that the evidence did not support

the convictions, and the trial court committed plain error by allowing hearsay into evidence. We find the corroboration of eyewitness and fingerprint identifications sufficed to prove Townsend guilty. Because Townsend has not shown the trial court relied on the hearsay, we find no plain error. Accordingly, we affirm the trial court's judgment.

¶ 2                                    I. BACKGROUND

¶ 3        Around 1:30 a.m., on October 13, 2016, two men robbed Trace Hamilton and Rachel Ehrenberg on a street in Wrigleyville, taking Hamilton's wallet and cellphone. Police found the cellphone shortly thereafter near Lake Shore Drive. Hamilton and Ehrenberg went to the police station to view a lineup in March 2017, about five months after the robbery. Hamilton identified Townsend as one of the robbers, while Ehrenberg identified one of the fillers. Prosecutors charged Townsend with armed robbery.

¶ 4        At the bench trial, Hamilton testified that he got a good look at the robbers when they stepped into the light from a nearby store. Townsend grabbed Hamilton and held him from behind and placed a gun-like object against Hamilton's neck. The other robber struck Ehrenberg with a gun-like object when she refused to hand over her purse. A car pulled up and the two robbers jumped in. The entire incident took less than two minutes. Hamilton gave police only a generic description of the offenders: two Black men, about 6 feet tall. At trial, Hamilton added that one wore dreadlocks, and one wore a hat.

¶ 5        An officer testified that he lifted a fingerprint from Hamilton's cellphone. Officer Cynthia Seavers testified that she worked as a fingerprint examiner for 12 years after receiving more than 200 hours of classroom instruction on the science of fingerprints. In her opinion, the fingerprint lifted from Hamilton's cellphone matched Townsend's fingerprints.

¶ 6    On cross-examination, Seavers admitted she did not mark features of the fingerprints lifted from the cellphone before comparing them with the fingerprints obtained directly from Townsend. Seavers acknowledged that the Scientific Working Group on Friction Ridge Analysis, Study, and Technology (SWGFRAST) recommended such marking prior to comparison. Seavers knew that some examiners mark features in different colors based on their confidence that a person's fingerprints would show that feature, but she did not use that method. She acknowledged that verifiers working for the Chicago Police Department knew whether the first examiner found a match before the verifier reviewed the fingerprints. Seavers testified that Townsend's fingerprint card included her handwriting and the handwriting of "the verifier, Officer Alan Metke." Seavers explained that after comparing Townsend's fingerprint with the original lift, identification was once again verified by Metke.

¶ 7    The court found Hamilton and Seavers credible. Hamilton's in-court identification of Townsend, corroborated by Seavers's testimony regarding the fingerprints found on Hamilton's cellphone, constituted proof beyond a reasonable doubt that Townsend committed the offense. The court found that the State failed to prove the robbers had firearms, but by striking Ehrenberg with a bludgeon to try to get her purse, the robbers attempted armed robbery. The court sentenced Townsend to 12 years for attempted armed robbery and 5 years for aggravated battery, with the sentences to run concurrently. Townsend now appeals.

¶ 8                                    II. ANALYSIS

¶ 9    On appeal, Townsend argues the evidence does not prove beyond a reasonable doubt that he committed aggravated battery and attempted armed robbery, the court erred by permitting Seavers to testify Metke verified her fingerprint identification, and the matter should be remanded to correct a clerical error in mittimus.

¶ 10    When considering challenges to the sufficiency of evidence, a reviewing court must determine whether, after viewing the evidence in the light most favorable to the State, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *People v. Collins*, 106 Ill. 2d 237, 261, 478 N.E.2d 267 (1985). The reviewing court shall decide whether the evidence supports a finding of guilt beyond a reasonable doubt. *People v. Cunningham*, 212 Ill. 2d 274, 280, 818 N.E.2d 304 (2004). We will not reverse a conviction based on insufficient evidence "unless the evidence is so improbable or unsatisfactory that a reasonable doubt remains as to the defendant's guilt." *People v. Harris*, 2018 IL 121932, ¶ 26.

¶ 11    In assessing identification testimony, we consider the five factors set forth by the United States Supreme Court in *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972): (1) the witness's opportunity to view the offender during the offense, (2) the witness's degree of attention at the time of the offense, (3) the accuracy of the witness's prior description of the offender, (4) the witness's level of certainty at the identification, and (5) the length of time between the offense and the identification. *People v. Thompson*, 2020 IL App (1st) 171265, ¶ 42.

¶ 12    Here, the *Biggers* factors do not favor identification. Hamilton testified that the light from a nearby store permitted him to see Townsend's face at close range for more than a minute. Hamilton stated that during the offense, he paid attention to the robbers, their weapons, and Ehrenberg, but because the robber grabbed him from behind, Hamilton could only see the side of the robber's face. Hamilton gave only a vague description of the offenders, and his description of the robber who held him at nearly 6 feet tall did not fit Townsend, who stood only 5 feet 6 inches tall. Finally, the 5-month delay before the identification counts against its reliability. See *People v. Piatkowski*, 225 Ill. 2d 551, 570 (2007).

¶ 13    Though the *Biggers* factors do not favor identification, Seavers's testimony corroborated Hamilton's identification of Townsend. Townsend contends the trial court should not have relied on Seavers's testimony because she admitted that she did not follow some recommendations of SWGFRAST. The evidence of Seavers's training and experience sufficed to create an issue for the trier of fact concerning the reliability of her opinion. See *Snelson v. Kamm*, 204 Ill. 2d 1, 24-27 (2003). In *People v. Cline*, 2022 IL 126383, a fingerprint examiner similarly identified a fingerprint on a stolen item as the defendant's fingerprint. Although the examiner in *Cline* did not testify that he completed all steps required for the identification, our supreme court held that a rational trier of fact could rely on the expert's opinion to find beyond a reasonable doubt that the defendant took the stolen item. *Cline*, 2022 IL 126383, ¶ 36. A rational trier of fact could rely on Seavers's opinion, despite her decision not to adopt some practices recommended by SWGFRAST. We find the evidence sufficient to sustain the convictions.

¶ 14    Next Townsend argues that the court erred by permitting Seavers to testify Metke verified her fingerprint identification. Townsend admits that his attorney did not object at trial, to Seavers's testimony indicating: "the verifier, Officer Alan Metke" signed Townsend's fingerprint card. Townsend's attorney also did not object when Seavers testified, "[a]fter doing the comparison of the in-custody print card to the original lift, it was noted identification was once again effected."

¶ 15    Townsend asks this court to find plain error in the introduction of hearsay evidence that Metke verified Seavers's finding that the fingerprint on the cellphone matched Townsend's fingerprint. This court applies the plain-error doctrine when:

"(1) a clear or obvious error occurred, and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred, and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *Piatkowski*, 225 Ill. 2d at 565.

¶ 16     Our supreme court held that the second prong of plain error review concerns only structural errors which "erode the integrity of the judicial process and undermine the fairness of the defendant's trial." *People v. Thompson*, 238 Ill. 2d 598, 608 (2010). Errors in the admission of hearsay into evidence do not constitute structural errors. *People v. Lewis*, 2019 IL App (1st) 160864, ¶ 53. Here, Townsend argues the testimony unfairly bolstered the State's case where the evidence at trial was closely balanced.

¶ 17     We find this case is similar to *People v. Yancy*, 368 Ill. App. 3d 381, 385-87 (2005). In *Yancy*, a fingerprint examiner testified that fingerprints found at the crime scene matched the defendant's fingerprints. Without objection, the examiner also testified that her lab's quality assurance department agreed with her conclusion. The appellate court found the hearsay evidence harmless in part because defendant failed to identify evidence in the record to overcome the appellate court's presumption that the trial judge followed the law and disregarded hearsay testimony. The court found the latent prints' identification provided evidence of defendant's guilt, but it did not mention or indicate that its finding was influenced by the quality assurance department's identification. *Yancy*, 368 Ill. App. 3d at 386-87.

¶ 18     Here, as in *Yancy*, there is no evidence in the record to overcome the presumption that the

trial judge ignored the hearsay evidence of verification. The admission of hearsay identification testimony is harmless error when the testimony is cumulative or supported by a positive identification and other corroborative circumstances. *People v. Mitchell*, 200 Ill. App. 3d 969, 975 (1990). In addition, admission of hearsay evidence is harmless and does not warrant reversal where there is no reasonable probability that the verdict would have been different without the hearsay evidence. *People v. Soto*, 342 Ill. App. 3d 1005, 1014 (2003). The admission of hearsay evidence does not require reversal where it is harmless beyond a reasonable doubt. *People v. Thompson*, 349 Ill. App. 3d 587, 594 (2004). Hence, the admission of Seavers's testimony regarding a fingerprint verifier does not amount to plain error.

¶ 19    The parties agree that the mittimus does not correctly reflect the sentence the trial court imposed. We remand for correction of the mittimus.

¶ 20                                III. CONCLUSION

¶ 21    The record does not show the judge relied on hearsay verification evidence when finding that Townsend left his fingerprint on Hamilton's cellphone. We find no plain error in the trial court's failure to exclude the evidence of verification. Seavers's testimony corroborated Hamilton's identification of Townsend, making the evidence sufficient to support the convictions. Accordingly, we affirm the trial court's judgment. We remand for the court to correct the mittimus.

¶ 22    Affirmed and remanded.

¶ 23    JUSTICE PUCINSKI, specially concurring:

¶ 24    While I agree with my colleagues in this case on these facts, I will never understand why the Chicago Police Department has yet to modernize its fingerprint analysis protocols to reach a higher level of believability. Nor do I understand why side-by-side photographs of the

fingerprint lifted and the fingerprint sample are not put into evidence. I recognize that we are not in some television "CSI" environment but in real-life court with real-life evidence, not science fiction. Yet side-by-side comparison is well within the capability of the police and the state. The more clear evidence is presented the more we serve the liberty interests of defendants, which must always be our highest priority.